**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 98-4075

MARK CORRIGAN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-96-128-H)

Submitted: June 30, 2000

Decided: July 19, 2000

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard B. Glazier, H. Gerald Beaver, BEAVER, HOLT, RICHARD-
SON, STERNLICHT, BURGE & GLAZIER, P.A., Fayetteville,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Anne M. Hayes, Assistant United States Attorney, William
Flint Boyer, Third-Year Law Student, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Corrigan appeals his convictions and 188-month sentence imposed after a jury found him guilty of money laundering, conspiracy to commit mail fraud, two counts of mail fraud, and two counts of making false statements. Corrigan challenges his convictions for making false statements, asserting that the district court erred by not submitting the materiality element to the jury. Next, he contends that the district court erred by denying his motion to substitute counsel, as well as his motion to set aside the verdict and for a new trial. Corrigan also attacks his sentence, asserting that the district court erred in applying a nine-level enhancement under U.S. Sentencing Guidelines Manual § 2S1.1(b)(2)(J) (1997), for laundered funds exceeding $10,000,000, and a four-level adjustment under USSG§ 3B1.1(a) for his role as a leader or organizer. Finding no reversible error, we affirm Corrigan's convictions and sentence.

I.

Corrigan first challenges his convictions for making false statements (18 U.S.C.A. §§ 2, 1001 (West 2000)), arguing that the district court erred by not submitting the materiality element to the jury. Corrigan asserts that this is a structural error warranting reversing and remanding for a new trial. In the alternative, Corrigan asserts that even if a harmless error analysis applies, the error is not harmless.

To prove a violation of 18 U.S.C.A. § 1001, the government must prove that Corrigan made a false statement to a governmental agency knowingly or willfully and that the false statement was material to a matter within the agency's jurisdiction. See United States v. Sarihifard, 155 F.3d 301, 306 (4th Cir. 1998). Although Corrigan correctly asserts that the district court erred by not submitting the materiality element to the jury, see United States v. Gaudin , 515 U.S. 506, 522-

2

23 (1995), his assertion that the error is a structural defect is incorrect. In Neder v. United States, 527 U.S. 1 (1999),**1** the Supreme Court has made it clear that harmless error analysis is required even when an element of an offense has been entirely removed from the jury's consideration. See id. at 4.

To determine whether the removal of an element from the jury's consideration is harmless error, the Court must determine "whether it appears `beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" Id. at 15 (quoting Chapman v. California, 386 U.S. 18, 24 (1967)). "[W]here a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." Id. at 17. Thus, an error is harmless "if the element was uncontested and supported by overwhelming evidence." United States v. Brown , 202 F.3d 691, 700-01 (4th Cir. 2000) (footnote omitted); see also Neder, 527 U.S. at 19 ("In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee.").

We find, after a thorough review of the record, that Corrigan's false statements on the documents filed with the governmental agency charged with regulating the tobacco industry were material. See Neder, 527 U.S. at 16 (defining "material" and finding that "the failure to report [over $5,000,000 in] income incontrovertibly establishes that [defendant's] false statements were material to the determination of his income tax liability"). Because Corrigan did not contest the materiality of his statements at trial or on appeal and because the evidence of materiality was overwhelming, we find that the district court's failure to submit that element to the jury was harmless error.

_____

**1 Neder** applies retroactively to Corrigan's case because his case was pending on direct review when the Supreme Court issued its decision. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987). The Supreme Court decided Neder eight months before Corrigan filed his brief in this Court.

See Neder, 527 U.S. at 17. Corrigan therefore is not entitled to a new trial on this basis.

II.

Corrigan next challenges the district court's denial of his motion to substitute counsel. Corrigan asserts that the district court erred in finding that his counsel of choice labored under a conflict of interest that could not be waived. He also contends that the district court erred in not allowing his then-current counsel to withdraw.[2] We review the district court's denial for an abuse of discretion. See United States v. DeTemple, 162 F.3d 279, 288 (4th Cir. 1998), cert. denied, 526 U.S. 1137 (1999).

Corrigan contends that the district court erred in finding that the attorneys he sought to substitute would have a conflict of interest if they represented both Corrigan and Cecil Humphries, one of Corrigan's co-defendants and a potential government witness. Applying the principles set forth in Wheat v. United States, 486 U.S. 153 (1988), we find no abuse of discretion in the district court's decision to disqualify Corrigan's proposed counsel and to decline to accept Corrigan's waiver of the conflict. See id. at 163-64 (finding that while "[t]he District Court must recognize a presumption in favor of petitioner's counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict"); see also Holloway v. Arkansas, 435 U.S. 475, 490 (1978) (recognizing that "a conflict may also prevent an attorney . . . from arguing at the sentencing hearing the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another"); United States v. Williams, 81 F.3d 1321, 1324-25 (4th Cir. 1996) (upholding district court's decision to disqualify attorney who represented other members of conspiracy, given that dual representation posed threat to attorney's ability to effectively and fairly cross-examine government's potential witness).

Corrigan also asserts that the district court erred in not granting his

_____

**2** Corrigan has different counsel on appeal.

4

then-current counsel's motion to withdraw. Under the standards set forth in United States v. DeTemple, 162 F.3d 279, 288 (4th Cir. 1998), cert. denied, 526 U.S. 1137 (1999), we find no abuse of discretion in the district court's denial of counsel's motion to withdraw.

III.

Corrigan next contends on appeal that the district court erred in denying his motion to set aside the verdict under Fed. R. Crim. P. 29(c), and for a new trial under Fed. R. Crim. P. 33. He asserts that he is entitled to a new trial because trial counsel labored under an actual conflict of interest and that counsel provided ineffective assistance.

Although Corrigan mentions the Rule 29 motion to set aside the verdict in the caption of the appellate brief section discussing the issue, he provides no argument with regard to that motion in the body of the brief. We therefore find that Corrigan has abandoned the Rule 29 issue on appeal. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued on appeal are deemed abandoned).

With regard to Corrigan's Rule 33 motion, we find that the district court did not have jurisdiction to consider the motion because it was filed outside the applicable time period. See Fed. R. Crim. P. 33 (requiring that a motion for new trial based on any ground other than newly discovered evidence be filed "within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period"); see also United States v. Smith, 62 F.3d 641, 648 (4th Cir. 1995) (finding that time period for filing a new trial motion is jurisdictional). Moreover, Corrigan's Rule 33 motion alleging numerous instances of ineffective assistance of counsel cannot be construed as a timely motion alleging "newly discovered evidence." See Fed. R. Crim. P. 33 ("A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty."); see also Smith , 62 F.3d at 648 (holding that "information supporting an ineffective assistance claim is not `evidence' within the meaning of Rule 33 and, therefore, . . . a motion for a new trial predicated on ineffective assistance of counsel must be brought, if at all, within seven days of [the verdict]").

5

IV.

Finally, Corrigan challenges his sentence, contending that the district court clearly erred in enhancing his base offense level by nine levels under USSG § 2S1.1(b)(2)(J) for laundered funds exceeding $10,000,000 and by four levels under USSG § 3B1.1(a) for his role in the offense. Our review of the record leads us to conclude that the district court did not clearly err in either instance. See United State v. Hull, 160 F.3d 265, 273 (5th Cir. 1998) (stating standard of review for § 2S1.1(b) enhancement) cert. denied , 525 U.S. 1169 (1999), and cert. denied, 526 U.S. 1136 (1999); United States v. Lipford, 203 F.3d 259, 272 (4th Cir. 2000) (stating standard of review for § 3B1.1(a) adjustment).

Corrigan asserts that the district court overstated the amount of the laundered funds by attributing transactions not directly conducted by him, effectively double-counting some sales.**3** Contrary to Corrigan's assertion, the district court appropriately relied on trial testimony establishing that 12,700,000 pounds of excess tobacco were sold in the dead card scheme during the 1990 to 1992 tobacco seasons using dead cards held or controlled by Corrigan and his co-defendants. The court multiplied the number of pounds by the amount per pound assessed for quantities above a farmer's quota ($1.25 per pound), for a total of $15,875,000 in funds laundered. Finally, although Corrigan contends that he should be held accountable for only the amount he handled personally--approximately $8,000,000--this approach is contrary to the relevant conduct provisions in the guidelines. See USSG § 1B1.3(a). We therefore find no clear error in the district court's calculation of the amount of the funds laundered by Corrigan. See Hull, 160 F.3d at 273.

Corrigan also challenges the adjustment for his role in the offense,

_____

**3** To the extent that Corrigan challenges the district court's decision to group the money laundering and fraud offenses under USSG § 3D1.2(d), we find no plain error. See Lipford, 203 F.3d at 271 (stating standard of review); United States v. Walker, 112 F.3d 163, 167 (4th Cir. 1997) (holding that money laundering counts may be grouped with other offenses if they are both part of an ongoing or continuous scheme).

focusing his argument on appeal on the conduct of his co-conspirators.**4**
A four-level adjustment in the offense level should be made under
§ 3B1.1(a) "[i]f the defendant was an organizer or leader of a criminal
activity that involved five or more participants or was otherwise
extensive." USSG § 3B1.1(a). We find that the four-level adjustment
was proper, given that Corrigan revised the process by which the pro-
ceeds of the sales of excess tobacco were handled, funneling the funds
through his corporate bank account in Virginia and personally trans-
porting large sums in his private plane to expedite the transfers. More-
over, at one point during the scheme, Corrigan controlled over twenty
books in which the government required tobacco sales to be recorded.
We therefore find no clear error in the district court's decision to
adjust Corrigan's offense level by four levels. See Lipford, 203 F.3d
at 272.

V.

Accordingly, we affirm Corrigan's convictions and sentence. We
dispense with oral argument because the facts and legal contentions
are adequately presented in the materials before the court and argu-
ment would not aid the decisional process.

AFFIRMED
_____

**4** Corrigan also takes issue with the district court's authority to impose
an adjustment greater than the adjustment recommended in the presen-
tence report, when the government did not object to the recommended
adjustment and the court did not provide Corrigan with prior notice of
its intent to impose an additional level. Although parties are entitled to
reasonable notice that the sentencing court contemplates a departure, see
United States v. Burns, 501 U.S. 129, 138 (1991), there is no support for
Corrigan's assertion that this rule also applies to increasing an adjust-
ment by one level. Cf. Walker, 112 F.3d at 166 (finding that notice
requirement does not apply to district court's decision to withhold adjust-
ment for acceptance of responsibility).